UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN SCOTT KEENE,<br><br>    Plaintiff,<br><br>v.<br><br>ADAM CHRISTIANSON, *et al.*,<br><br>    Defendants. | Case No. 1:17-cv-01169-JDP<br><br>SCREENING ORDER<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS CERTAIN CLAIMS AGAINST DEFENDANTS TOOR AND PAGAN<br><br>OBJECTIONS, IF ANY, DUE WITHIN 14 DAYS<br><br>ECF No. 13<br><br>ORDER TO ASSIGN DISTRICT JUDGE |

  Plaintiff Brian Scott Keene is a state prisoner proceeding without counsel in this civil rights action brought under 42 U.S.C. § 1983. On February 12, 2018, the court entered a screening order under 28 U.S.C. § 1915A finding the following cognizable claims in plaintiff's original complaint: 1) Eighth Amendment medical indifference claims against defendants Toor and Mudunuri in their individual capacities; and 2) a First Amendment retaliation claim against defendant Mudunuri in her individual capacity. ECF No. 12 at 18. The court concluded that the remaining claims were not cognizable and granted plaintiff leave to amend. *See id.*

  Plaintiff has filed a first amended complaint, ECF No. 13, which is before the court for screening under 28 U.S.C. § 1915A. After review of the first amended complaint, we reach the same conclusions that the court previously reached regarding the original complaint. The first

1

amended complaint states the following cognizable claims: (1) Eighth Amendment medical indifference claims against defendants Toor and Mudunuri in their individual capacities; and (2) First Amendment retaliation claim against defendant Mudunuri in her individual capacity. The court will authorize service of the first amended complaint as to these defendants by separate order.

However, plaintiff again fails to state cognizable claims against defendant Toor for First Amendment retaliation and against defendant Pagan for Eighth Amendment deliberate indifference. We will recommend that these claims be dismissed.

### A. First Amendment Retaliation – Defendant Toor

Plaintiff has attempted to reassert a First Amendment retaliation claim against defendant Toor, a medical practitioner, in his first amended complaint. As in the original complaint, plaintiff alleges that, on November 12, 2016, Toor refused to authorize pain medication after plaintiff returned from hospitalization following urethra surgery and septic shock.[1] *See* ECF No. 13 at 9. Plaintiff then filed a grievance against defendant Toor. *See id*. Subsequently, on February 18, 2017, plaintiff was seen at the prison infirmary for an issue regarding his catheter, and Toor was the on-call doctor. *See id*. at 10. Plaintiff asked the attending R.N. to change the catheter, and the R.N. called Toor to get authorization. *See id*. Toor refused to give authorization to change the catheter and instructed the R.N. to send plaintiff back to his yard with a five-day follow-up with the yard doctor. *See id*. Plaintiff alleges that he suffered severe pain due to the delay. *See id*. at 10-11.

These allegations do not state a First Amendment retaliation claim because plaintiff has failed to plausibly allege facts that would support an inference that Toor refused provide authorization for the catheter change on February 18, 2017 in retaliation for the filing of the grievance against him. *See Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (holding that in a First Amendment retaliation claim, a plaintiff must allege facts indicating that a prison official took adverse action against a prisoner "because of" the prisoner's protected conduct).

---

[1] The medical treatment allegations form the basis for the cognizable Eighth Amendment deliberate indifference claim against defendant Toor.

2

Nothing in the first amended complaint supports an inference that Toor even had knowledge of plaintiff's grievance on February 18, 2017. Therefore, we recommend that this claim be dismissed without prejudice.[2]

### B. Eighth Amendment Deliberate Indifference – Defendant Pagan

Plaintiff also has attempted to reassert an Eighth Amendment deliberate indifference claim against defendant Pagan, a registered nurse. As in the original complaint, plaintiff alleges that Pagan attempted to insert a catheter into his urethra on November 7, 2016 and caused severe pain to plaintiff after several failed insertion attempts. *See* ECF No. 13 at 6. Plaintiff describes the treatment provided by Pagan as "torture" and describes the pain as "excruciating." *Id*. While plaintiff undoubtedly had a serious medical condition, nothing in the first amended complaint indicates that Pagan was deliberately indifferent to plaintiff's serious medical need. *See Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (holding that a deliberate indifference to serious medical needs claim consists of two parts: (1) a "serious medical need" demonstrated by a failure to treat a prisoner's medical condition that could result in further significant injury or the unnecessary and wanton infliction of pain; and (2) "deliberate indifference"—demonstrated by (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference).

Pagan was attempting to treat plaintiff's serious medical need. Even if the treatment fell below professional medical standards,[3] this does not amount to deliberate indifference to serious medical needs. *See Clement v. Gomez*, 298 F.3d 898, 904 (9th Cir. 2002) (holding that allegations of medical negligence are insufficient to state a claim for deliberate indifference to serious medical needs). Because it appears that plaintiff will be unable to state an Eighth

---

[2] If, after some discovery, plaintiff can—in good faith—allege facts to cure the deficiencies, he may file a motion for leave to amend the complaint before the deadline for amended pleadings, which will be set in a subsequent scheduling and discovery order after the defendants file an answer.

[3] To the extent that plaintiff is intending to bring a state law medical malpractice claim, we do not find a cognizable claim because plaintiff has not alleged compliance with the California Tort Claims Act. *See Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 627 (9th Cir. 1988) (holding that failure to allege compliance with California tort claim procedures warrants dismissal of state law tort claims against public employees).

Amendment claim against Pagan, the court recommends dismissal with prejudice. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (holding that *pro se* litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that deficiencies of complaint could not be cured by amendment).

**C. Order**

Under 28 U.S.C. § 636(c)(1), all parties named in a civil action must consent to a magistrate judge's jurisdiction before that jurisdiction vests for "dispositive decisions." *Williams v. King*, 875 F.3d 500, 504 (9th Cir. 2017). No defendant has appeared or consented to a magistrate judge's jurisdiction, so any dismissal of a claim requires an order from a district judge. Thus, we submit these findings and recommendations to a district judge under 28 U.S.C. § 636(b)(l).

The clerk of the court is directed to assign a district judge to this case.

The first amended complaint states the following cognizable claims:

1. Eighth Amendment medical indifference claims against defendants Toor and Mudunuri in their individual capacities; and

2. A First Amendment retaliation claim against defendant Mudunuri in her individual capacity.

The court will authorize service of the first amended complaint as to these defendants by separate order.

**D. Recommendation**

We recommend that:

3. the First Amendment retaliation claim in the first amended complaint against defendant Toor be dismissed without prejudice; and

4. the Eighth Amendment deliberate indifference claim in the first amended complaint against defendant Pagan be dismissed with prejudice.

These findings and recommendations will be submitted to the district judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days of service of these findings and recommendations, plaintiff may file written objections with the court. If

plaintiff files such objections, he should do so in a document captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *See Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014).

IT IS SO ORDERED.

Dated: December 5, 2018

UNITED STATES MAGISTRATE JUDGE