UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN SCOTT KEENE,<br><br>Plaintiff,<br><br>v.<br><br>KIRAN TOOR, *et al.*,<br><br>Defendants. | Case No. 1:17-cv-01169-JDP<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL<br><br>ECF No. 16 |

Plaintiff Brian Scott Keene is proceeding without counsel in this civil rights action brought under 42 U.S.C. § 1983. This case is proceeding on cognizable Eighth Amendment medical indifference claims against Defendants Toor and Mudunuri and a First Amendment retaliation claim against Defendant Mudunuri. ECF No. 12 at 18. Plaintiff's first amended complaint, ECF No. 13, is awaiting screening under 28 U.S.C. § 1915A. On December 3, 2018, plaintiff filed a motion seeking the appointment of counsel. ECF No. 16. He states appointment of counsel is necessary because he is indigent, has a limited education, and suffers from serious medical conditions. *See id*.

Plaintiff does not have a constitutional right to appointed counsel in this action, *see Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *withdrawn in part on other grounds on reh'g en banc*, 154 F.3d 952 (9th Cir. 1998), and the court lacks the authority to require an attorney to

represent plaintiff. *See Mallard v. U.S. District Court for the Southern District of Iowa*, 490 U.S. 296, 298 (1989). The court may request the voluntary assistance of counsel. *See* 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford counsel"); *Rand*, 113 F.3d at 1525. However, without a means to compensate counsel, the court will seek volunteer counsel only in exceptional circumstances. In determining whether such circumstances exist, "the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Rand*, 113 F.3d at 1525 (internal quotation marks and citations omitted).

The court cannot conclude that exceptional circumstances requiring the appointment of counsel are present here. The allegations in the complaint are not exceptionally complicated. Based on a review of the record, it is not apparent that plaintiff is unable to articulate his claims adequately. Further, at this stage in the proceedings, the court cannot determine whether plaintiff is likely to succeed on the merits.

The court may revisit this issue at a later stage of the proceedings if the interests of justice so require. If plaintiff later renews his request for counsel, he should provide a detailed explanation of the circumstances that he believes justify appointment of counsel

Accordingly, plaintiff's motion for the appointment of counsel, ECF No. 16, is denied without prejudice.

IT IS SO ORDERED.

Dated:  December 5, 2018  _____
UNITED STATES MAGISTRATE JUDGE