UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN SCOTT KEENE,<br><br>            Plaintiff,<br><br>      v.<br><br>KIRAN TOOR, *et al.*,<br><br>            Defendants. | Case No. 1:17-cv-01169-NONE-JDP<br><br>FINDINGS AND RECOMMENDATIONS THAT THE COURT DISMISS THE CASE FOR PLAINTIFF'S FAILURES TO PROSECUTE AND TO COMPLY WITH COURT ORDERS<br><br>FOURTEEN-DAY DEADLINE |

    Plaintiff is a state prisoner proceeding without counsel in this civil rights action brought under 42 U.S.C. § 1983. On February 21, 2020, defendants filed a motion for summary judgment. ECF No. 38. On March 23, 2020, plaintiff filed a motion for a 90-day extension to file his opposition. The court granted plaintiff's unusually long extension. ECF No. 41. However, instead of filing an opposition, plaintiff filed a second motion for a 90-day extension. ECF No. 42. The court granted plaintiff's extension in part, allowing another 45 days for plaintiff to oppose summary judgment. Plaintiff did not file an opposition. On September 2, the court ordered plaintiff to show cause why this case should not be dismissed for plaintiff's failures to prosecute and comply with court orders. ECF No. 46. Plaintiff responded by seeking to have his case dismissed without prejudice on September 28. ECF No. 47. Plaintiff explains that he no longer wishes to pursue litigation in this case.

The court may dismiss a case for plaintiff's failure to prosecute or failure to comply with a court order. *See* Fed. R. Civ. P. 41(b); *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005). Such dismissal can be a harsh penalty, but a district court has duties to resolve disputes expeditiously and to avoid needless burden for the parties. *See* Fed. R. Civ. P. 1; *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002).

In considering whether to dismiss the case for failure to prosecute, a court ordinarily considers five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions." *Omstead v. Dell, Inc.*, 594 F.3d 1081, 1084 (9th Cir. 2010) (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir.1986)). These heuristic factors merely guide the court's inquiry; they are not conditions precedent for dismissal. *See In re Phenylpropanolamine (PPA) Products Liability Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006).

"The public's interest in expeditious resolution of litigation always favors dismissal." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (quoting *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)). Accordingly, this factor weighs in favor of dismissal.

Turning to the risk of prejudice, pendency of a lawsuit, on its own, is not sufficiently prejudicial to warrant dismissal. *Id.* (citing *Yourish*, 191 F.3d at 991). However, delay inherently increases the risk that witnesses' memories will fade and evidence will become stale, *id.* at 643, and it is plaintiff's failure to prosecute this case that is causing delay. Therefore, the third factor weighs in favor of dismissal.

As for the availability of lesser sanctions, at this stage in the proceedings there is little available to the court that would constitute a satisfactory lesser sanction while protecting the court from further unnecessary expenditure of its scarce resources. Monetary sanctions are of little use, considering plaintiff's incarceration and *in forma pauperis* status, and the preclusion of evidence or witnesses is not available. While dismissal is generally a harsh sanction, plaintiff has indicated

2

that he no longer wishes to prosecute this case—and that he in fact himself seeks dismissal.  ECF No. 47.

Finally, because public policy favors disposition on the merits, this factor weighs against dismissal.  *Id.*

After weighing the factors, including the court's need to manage its docket—and plaintiff's stated desire for dismissal—the court finds that dismissal is appropriate.  The court will recommend dismissal without prejudice.

**Findings and Recommendations**

The court recommends

1. that the case be dismissed without prejudice for plaintiff's failures to prosecute and to comply with court orders, and
2. that the motion for summary judgment, ECF No. 38, be denied as moot.

The undersigned submits these findings and recommendations to the U.S. district judge presiding over the case under 28 U.S.C. § 636(b)(1)(B) and Local Rule 304.  Within fourteen days of the service of the findings and recommendations, the parties may file written objections to the findings and recommendations with the court and serve a copy on all parties.  The document containing the objections must be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The presiding district judge will then review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C).

IT IS SO ORDERED.

Dated:   September 30, 2020                              _____
                                                        UNITED STATES MAGISTRATE JUDGE

No. 204

3